Grafton, }
June 7, 1910. {

FOREST PRODUCTS CO. *& a. v.* PUBLISHERS' PAPER CO.

A demurrer to a bill in equity admits the facts properly alleged therein, and must be overruled if the allegations state a cause of action entitling the plaintiff to substantially the relief sought.

A bill in equity alleging that the plaintiff's title to certain real estate was established and confirmed by contracts and compromises of litigation between the parties, and praying that the defendant be restrained from the further prosecution of suits against the plaintiff for the recovery of the same land, is not demurrable on the ground that the facts alleged do not call for equitable relief.

BILL IN EQUITY. The defendants' demurrer to the bill was overruled, subject to exception. Transferred from the January term, 1910, of the superior court by *Pike*, J.

*Streeter, Hollis, Demond & Woodworth* (*Mr. Streeter* orally), for the plaintiffs.

*Clarke C. Fitts* (of Vermont), *James W. Remick*, and *Robert Jackson* (*Mr. Fitts* and *Mr. Remick* orally), for the defendants.

WALKER, J. The plaintiffs seek the aid of equity to quiet and confirm title in them to certain lands which the defendant in its prior bill claims to own by virtue of certain contracts of settlement entered into by the parties in the fall of 1905, and to restrain the defendant from further prosecuting suits against the plaintiffs for the recovery of the lands in question. The defendant by demurring to the plaintiffs' bill admits the facts properly alleged therein. If, therefore, the allegations of the bill when

viewed as true state a cause of action entitling the plaintiffs to substantially the relief sought, the demurrer must be overruled.

It does not seem necessary to recount all the facts alleged in the bill, or to decide at the present time all the questions of law suggested by counsel in argument. It is alleged that under several contracts between the parties, made for the purpose, as understood by both sides, of finally settling the question of title to the lands, and by virtue of certain judgments or decrees entered by agreement in suits then pending, the plaintiffs' title was established and confirmed; that is, that the suits which were brought by the defendant against the plaintiffs were dismissed by decrees stating that they had been settled by the parties, and that the decrees were made by their consent and agreement. It is clear that if this compromise and settlement enforced by judicial decrees was understood by the parties to be a confirmation of the plaintiffs' title, in the absence of fraud, the defendant's present claim of title growing out of the same transactions is unfounded, and upon this statement of facts it ought to be enjoined from seeking to reopen the litigation or from insisting upon its assumed title. Whether such compromise and settlement was made is a question of fact determinable, if put in issue, by all the competent evidence that may be adduced, including the acts of the parties in dismissing the suits as well as the terms of the written agreement alleged to have preceded the decrees.

The allegation of the prior settlement and adjustment of the matters sought to be litigated by the defendant in the suit of which the plaintiffs complain is a material fact admitted by the demurrer. It follows that the plaintiffs' bill is not demurrable on the ground that the facts alleged do not call for equitable relief. But it is unnecessary to decide the technical question, whether the bill may be sustained as an independent bill in view of the pendency of the defendant's prior bill involving the same litigation; for the plaintiffs do not object to the practical consolidation of both suits, in which their bill may be treated as an answer to the defendant's bill. By such apparently convenient procedure the parties will speedily reach the question in issue between them, and upon its determination such orders will be made for the protection of the parties from future embarrassments as justice and equity may seem to require. As upon the allegations the plaintiffs are entitled to equitable relief in some form of procedure, and as there is no apparent objection to treating their bill as an answer to the defendant's bill for the purpose of a speedy and convenient trial of the controversy, the demurrer was properly overruled.

*Exception overruled.*

All concurred.